IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TEVITA TOLUTAU,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING APPEAL OF MAGISTRATE JUDGE RELEASING DEFENDANT PENDING TRIAL<br><br><br><br>Case No. 2:12-CR-13 TS |

This matter is before the Court on the government's Appeal of Order of Magistrate Judge Releasing Defendant Pending Trial. Defendant was ordered released pending trial by the Magistrate Judge pending trial. The government now seeks review of that order of release pursuant to 18 U.S.C. § 3145(a). For the reasons discussed below, the Court will deny the government's Motion and allow Defendant to be released pending trial.

I.  BACKGROUND

A.      PROCEDURAL HISTORY

Defendant was initially charged in a Superseding Indictment in Case No. 2:08-CR-758 on August 5, 2009.  Defendant was initially ordered detained because he constituted a risk of danger to the community and has remained in custody since that time.

Trial was scheduled for September 14, 2009, but was continued on a number of occasions.  Defendant, along with two other defendants, were severed from a trial that was held in September 2011, due to attorney conflicts.  Defendant was scheduled to go to trial on February 6, 2012.

Defendant filed a Motion to Dismiss for Speedy Trial Act Violations on December 2, 2011.  In response, the government conceded that the Speedy Trial Act had been violated, but argued that any dismissal should be without prejudice.

On January 5, 2012, this Court, per Judge Campbell, granted Defendant's Motion to Dismiss, finding that a Speedy Trial Act violation had occurred.  The Court found that dismissal without prejudice was appropriate.

Defendant was subsequently named in a two-count Complaint on January 6, 2012.  The Complaint alleges that Defendant acted as a getaway driver in an attempted robbery of a Walmart in 2008.  The robbery involved the use of a sawed-off shotgun.  Defendant allegedly confessed to being involved in the planning and commission of the Walmart robbery, that he acted as the getaway driver, and that he disposed of the gun that was used in the robbery.

The Magistrate Judge held a detention hearing on January 11, 2012. Following the hearing, the Magistrate Judge ordered Defendant released, under certain conditions. The Magistrate Judge stayed that order until January 13, 2012, at 5:00 p.m. The government seeks review of the Magistrate Judge's order of release. On January 13, 2012, the Court held a hearing on the government's Motion for Review.

B.      FACTUAL BACKGROUND

Defendant is 22 years old and was 19 at the time of the alleged offense. Defendant has been in custody since August 2009. Prior to his arrest, Defendant lived at home with his family, who indicate that Defendant would be welcome to return if released.

Defendant is not married and has no children.

Defendant's passport is expired and he has only traveled outside of the United States once at 12 years old.

Defendant has little employment history. Defendant's father has agreed to help Defendant find employment once released. One of the Magistrate Judge's conditions of release was that Defendant could only obtain work release if, and when, his father finds him employment.

Defendant has few financial resources because of his limited employment history and the fact that he has been incarcerated since August 2009.

Defendant has no physical or mental health concerns, but does have a prior history of drug and alcohol use. However, Defendant has not used these substances while incarcerated. The Magistrate Judge order Defendant to submit to drug and alcohol testing while released.

Defendant has no adult convictions, though he does have juvenile adjudications.

There is some indication that Defendant has associated with gang members in the past, but there is no evidence that Defendant himself is a gang member.  Further, while incarcerated, Defendant has had no gang involvement.  As a special condition of release, the Magistrate Judge ordered that Defendant have no contact with gang members, co-defendants, or victims of this offense.

In addition to the above, at the hearing before this Court and the Magistrate Judge, it was represented that Defendant has performed well while he has been in custody.  Defendant has had no violations while at the jail and has avoided associating with gang members.  All indications show that Defendant has matured while in custody and is now a very different person, then when originally charged in 2009.

## II.  STANDARD OF REVIEW

The government's Motion is brought pursuant to 18 U.S.C. § 3145(a)(1) and DUCrimR 57-16(a)(1).  18 U.S.C. § 3145(a)(1) provides: "If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  DUCrimR 57-16(1)(1) provides that any party is entitled to appeal a Magistrate Judge's order releasing a Defendant and that the appeal will be timely scheduled for de novo review.

The Court conducts its own de novo review of the release order giving no deference to the magistrate judge's findings or conclusions.[1] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the magistrate judge, including any exhibits.[2]

In making its determination, this Court, like the magistrate judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[3]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(B) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense under section 924(c) . . . ."

In this case, Defendant is charged with an offense under 18 U.S.C. § 924(c). Therefore, if the Court finds probable cause to believe that Defendant committed an offense under 924(c),

---

[1] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under §3145(a) is de novo).

[2] *Lutz*, 207 F. Supp. 2d at 1251.

[3] 18 U.S.C. § 3142(b), (c), & (e).

detention is presumed. The Indictment in the prior criminal case is sufficient to provide probable cause.[4]

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[5]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[6] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) The nature and circumstances of the offense charged . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

---

[4]*United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

[5]*Id*. at 1354-55.

[6]*Cisneros*, 328 F.3d at 616.

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[7]

### III.  DISCUSSION

A.   RISK OF FLIGHT

The Court first considers whether Defendant is a risk of flight.  There is little evidence suggesting Defendant constitutes a flight risk.  While Defendant has traveled outside of the United States once, he does not have a valid passport and has limited financial ability to travel.  Further, Defendant has strong family and community ties in Utah.  Therefore, the Court finds that any risk of flight can be managed by special conditions of release.  Specifically, the Court will order Defendant reside at a halfway house, that he report on a regular basis to his supervising officer, that he not obtain a passport, and that he not leave Utah without the permission of the Probation Office.  With these conditions, the Court believes that any risk of flight can be effectively managed.

B.   DANGER TO ANY PERSON OR THE COMMUNITY

The Court next considers whether Defendant is a danger to any person or the community.  In so doing, the Court first looks to the offense involved.  Defendant is alleged to have committed a serious offense and is charged with Hobbs Act robbery and brandishing a firearm during and in relation to a crime of violence.  As set forth above, the § 924(c) charge carries with it a presumption in favor of detention.  The Court finds, however, that Defendant has produced evidence to overcome that presumption.  Specifically, Defendant has proffered evidence of his

---

[7] 18 U.S.C. § 3142(g).

good behavior over the last 2 ½ years and of strong family support.  Thus, the burden remains on the government to prove dangerousness by clear and convincing evidence.  The Court finds that the government has not met its burden here.

In support of its request for continued detention, the government focuses on the seriousness of the offense, the strength of the evidence against Defendant, and the presumption in favor of detention.  The Court agrees that the offenses charged are serious and that the evidence against Defendant is strong.  However, the Court must also consider the fact that Defendant was a young man at the time of the alleged offense and that all evidence shows that he has greatly matured during his lengthy period of incarceration.  The evidence suggests that Defendant is a different person now then he was when first detained.  Defendant has had no disciplinary issues while at the jail and has no gang affiliation.  The evidence concerning Defendant's prior gang affiliation is relatively weak, as there is nothing to suggest that he was an active gang member.  In addition, Defendant has strong family support and his father has indicated that he will help Defendant obtain work.  Based on these considerations, the Court believes that any risk of dangerousness can be appropriately managed with special conditions of release.

Specifically, the Court will order that Defendant reside at a halfway house.  Defendant will not be permitted work release to search for work.  However, if Defendant's father is able to find employment for Defendant, which can be verified by the Probation Office, Defendant may be permitted work release upon approval by the Probation Office.  If allowed work release, the Court will require Defendant be monitored by GPS.  Defendant is ordered to have no contact with any alleged victims or potential witnesses.  Defendant is further ordered to have no contact

with gang members or any of his co-defendants.  Defendant is ordered to report on a regular basis to his supervising officer, as directed.  Defendant is ordered to refrain from possessing any firearm, destructive device, or other dangerous weapon.  Defendant is ordered to refrain from any use or possession of a narcotic or other controlled substance.  Defendant is ordered to submit to drug and alcohol testing by the pretrial office.  The Court finds that these conditions will reasonably assure the safety of any other person and the community.

## IV.  CONCLUSION

It is therefore

ORDERED that the government's Appeal of Order of Magistrate Judge Releasing Defendant Pending Trial (Docket No. 5) is DENIED.  Defendant is ordered released with the conditions set forth in the Order Setting Conditions of Release, issued concurrently herewith.

DATED   January 13, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge